IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH MORRIS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-950-LPS |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | : | |
| Defendant. | : | |

Deborah Morris, New Castle, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 26, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Deborah Morris ("Plaintiff"), who resides in New Castle, Delaware, filed this action against the United States Department of Health and Human Services ("HHS") alleging violations of her constitutional rights. (D.I. 1) She appears *pro se* and proceeds *in forma pauperis*. (D.I. 5)

## II. BACKGROUND

In 2007, Plaintiff was convicted in the United States District Court for the Eastern District of Pennsylvania on 34 counts of health care fraud, 14 counts of mail fraud, and one count of making a false statement in a health care proceeding.[1] *See United States v. Morris*, 376 F. App'x 281, 282 (3d Cir. Apr. 16, 2010). She was sentenced to 60 months of imprisonment and ordered to pay $278,507.05 in restitution to Medicare.

A month after Plaintiff was released from imprisonment, she filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania ("Pennsylvania District Court"). *See Morris v. Department of Health and Human Services*, 2013 WL 285595 (E.D. Pa. Jan. 23, 2013). Therein she alleged (after amending twice) that she was denied her constitutional rights, in particular, her due process rights, and that she was discriminated against when the HHS denied her, and her business, provider status that would allow them to claim reimbursement for

---

[1] Plaintiff had acquired a Medicare provider number in 1997 for herself and her business, D.N. Morris and Associates, using false information. She submitted "a false social security number, a false clinical social worker license, and falsely assert[ed] that she had graduated from the University of Pennsylvania." *Morris*, 376 F. App'x at 282. Using the provider numbers, she submitted requests for reimbursement of services that were never provided. *See id.* The provider numbers for Plaintiff and her business were revoked in 2002, and Plaintiff was indicted three years later. *See id.*

1

rehabilitation services that they were allegedly providing to individuals in the community. Plaintiff contended that she submitted applications for business provider status and individual provider status every year from 1996 through 2003, and in 2006 and 2007 and, that she sought individual provider status in 2008. Plaintiff further alleged that the applications were denied, apparently on the basis that the services she was providing were not medically or clinically necessary pursuant to HHS regulations. Plaintiff alleged that she had received a final order from the Secretary of HHS in regard to each of those applications. The complaint filed in the Pennsylvania District Court sought $50 million in damages as well as unspecified injunctive and declaratory relief. *See Morris v. Department of Health and Human Services*, 2013 WL 285595 (E.D. Pa. Jan. 23, 2013).

In screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Pennsylvania District Court stated that, "[i]n the event that the applications for provider status at issue in this case were also predicated on false information, or in the event that plaintiff is seeking to recover for any of the services that she was found not to have actually provided in her criminal proceeding, plaintiff's claims are frivolous." *Id.* at *2. On January 23, 2013, the Pennsylvania District Court dismissed the second amended complaint for failure to state a claim and found that amendment would be futile. *See id.* Plaintiff attempted to file a third amended complaint on March 7, 2013, but it was stricken from the docket for failure to obtain leave to amend. *See Morris v. Department of Health and Human Services*, Civ. No. 12-5031-LS (E.D. Pa. Mar. 22, 2013) at D.I. 12, 13.

Plaintiff did not appeal. Instead, on May 29, 2013, Plaintiff filed the instant complaint in this District, which contains the same or similar allegations as those in the dismissed Pennsylvania District Court case.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir.) (table

decision). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. Other circuits have offered more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). A district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *See Crisafi*, 655 F.2d at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it duplicates allegations of another pending federal lawsuit by same plaintiff or raises claims arising out of common nucleus of operative facts that could have been brought in prior litigations).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend, unless

4

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *See id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. <u>DISCUSSION</u>

Plaintiff filed the instant lawsuit on May 29, 2013. Following a review of the pleadings filed and orders entered in *Morris v. Department of Health and Human Services*, Civ. No. 12-

5

5031-LS (E.D. Pa.), it is evident that the instant case is the same or similar to the case Plaintiff filed in Pennsylvania District Court upon her release from prison. The Pennsylvania District Court case was screened for frivolousness and, after giving Plaintiff leave to amend on two occasions, the Court dismissed the complaint for failure to state a claim and found that amendment would be futile.

"Because a complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims" dismissal is appropriate. *See Day v. Toner*, __F. App'x__, 2013 WL 3481819, at *1 (3d Cir. July 9, 2013). As discussed, the instant lawsuit raises the same or similar claims to those filed in the Pennsylvania District Court. Plaintiff's filing of repetitive claims or claims arising out of a common nucleus of operative facts falls squarely within the category of malicious litigation. Moreover, as previously determined by the Pennsylvania District Court, Plaintiff has failed to state a claim upon which relief may be granted and amendment is futile.

Therefore, the Court finds that the instant complaint is malicious and fails to state a claim upon which relief may be granted. Accordingly, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the complaint as malicious and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds amendment would be futile.

An appropriate Order follows.